# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MINSEC COMPANIES, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PHILADELPHIA, ET AL., <br> Defendants. | CIVIL ACTION <br><br> NO. 09-3396 |

## MEMORANDUM OPINION

Tucker, J.                                                                                           March \_\_\_\_ , 2010

Presently before the Court are the Motion to Dismiss filed by Defendants, City of Philadelphia ("the City"), Philadelphia Department of Licenses and Inspections ("L&I"), and Philadelphia Zoning Board of Adjustment ("the Zoning Board") (Doc. 8), and the Response in Opposition thereto filed by Plaintiffs, Minsec Companies, Inc. ("Minsec") and Oxford Investments, L.P. ("Oxford") (Doc. 9).  For the reasons outlined herein, this Court will grant in part and deny in part Defendants' Motion to Dismiss.

## BACKGROUND

Minsec and Oxford have brought claims against the City, L&I, and the Zoning Board alleging discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.* In 2005, Plaintiffs began operating a transitional housing facility for individuals referred through the Pennsylvania court system, initially limiting the population to 44 male residents consistent with its prior use.  (Compl. ¶ 14.)  On July 2, 2007, Plaintiffs applied to L&I for a zoning permit to increase the population to 88 male residents.  (Compl. ¶ 18.)  On August 7, 2007, L&I issued a

Zoning Refusal, labeling the use a "private penal and correctional institution," prohibited in the C-2 Commercial District. (Compl. ¶ 19.) On August 9, 2007, Plaintiffs filed an FHA reasonable accommodation request (Compl. ¶ 21), which was denied by L&I on October 9, 2008 (Compl. ¶ 23). On October 27, 2008, Plaintiffs filed an appeal with the Zoning Board, challenging L&I's Zoning Refusal and L&I's failure to grant a reasonable accommodation. (Compl. ¶ 25.) A public hearing was held on February 23, 2009, and the Zoning Board denied Plaintiffs' request for a use variance on May 5, 2009. (Compl. ¶ 35; Ex. F.) On May 14, 2009, Plaintiffs appealed the Zoning Board's decision to the Court of Common Pleas of Philadelphia County. (Mot. to Dismiss ¶ 18.) That action is pending before the Court of Common Pleas.[1]

Plaintiffs assert four counts of discrimination based on the following: (1) L&I's classification of the facility as a penal institution (Count I); (2) L&I's failure to classify it as a transitional housing facility (Count II); (3) the disparate impact upon disabled individuals arising from L&I's treatment of a transitional housing facility as a penal institution (Count III); and (4) the failure of L&I and the City to grant a reasonable accommodation under § 3604(f)(3)(B) of the FHA (Count IV). (Pls.' Resp. 3-4.) Plaintiffs seek an order declaring L&I's classification of the use of the facility erroneous and declaring that Plaintiffs' proposed use of the facility is permitted as a matter of right by the Philadelphia Zoning Code. (Compl. ¶¶ 44(a), 54(a), 63(a), 80(a).) Plaintiffs also seek an award of actual damages, including attorneys' fees and costs, statutory damages, and such other relief as the Court deems just and proper. (Compl. ¶¶ 44(a)-(d), 54(a)-(d), 63(a)-(d), 80(a)-(d).)

---

[1] Docketed at case ID: 090501665.

Defendants argue that this Court should abstain and dismiss this action pursuant to either the Burford or Colorado River doctrines. In the alternative, Defendants argue that this Court should dismiss L&I and the Zoning Board as improperly named parties pursuant to Fed. R. Civ. P. 12(b)(6); dismiss Oxford from the suit for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1); and dismiss Plaintiffs' claims for lack of ripeness pursuant to Fed. R. Civ. P. 12(b)(1).

## DISCUSSION

While the Court agrees that L&I is not a separate legal entity capable of being sued, 53 Pa. Stat. Ann. § 16257 (Lexis 2009), the Court does not find that this action should be dismissed under Burford or Colorado River, that the Zoning Board should be dismissed as an improper party, that Oxford's claims should be dismissed for lack of standing, or that Plaintiffs' claims should be dismissed for lack of ripeness. The Court will address the abstention issue first, and then proceed to address Defendants' alternative grounds for dismissal.

**I.    Abstention**

This Court will not abstain from exercising its jurisdiction over this matter. It is a settled axiom that federal courts have a "virtually unflagging obligation" to exercise their validly conferred jurisdiction. See, e.g., Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). However, considerations of federalism and comity have led the Supreme Court to recognize certain narrow categories of cases from which a district court may properly abstain. See, e.g., County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959); Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743, 746 (3d Cir. 1982). One such category of cases is derived from Burford v. Sun Oil Co., 319 U.S. 315 (1943), which dealt with abstention

in the context of the complex statewide regulatory regime for gas and oil conservation in Texas. Burford abstention is appropriate when a case involves difficult state law problems of vital local concern and the state has provided a centralized administration system to address such problems, such that federal review would disrupt the state's efforts to establish a coherent policy on a matter of substantial public import. See Burford, 319 U.S. at 332-34. Specifically, the Supreme Court has outlined the following requirements for the application of Burford abstention:

> Where timely and adequate state court review is available, a federal court sitting in equity . . . [may] decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar'; or (2) where the 'exercise of federal review of a question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'

New Orleans Pub. Serv. Inc. v. Council of the City of New Orleans ("NOPSI"), 491 U.S. 350, 361 (1989) (quoting Colorado River, 424 U.S. at 814); see also Izzo v. Borough of River Edge, 843 F.2d 765, 769 (3d Cir. 1988) (applying the same standard but splitting the first prong into two inquiries).

Here, Burford does not counsel against the exercise of jurisdiction because Plaintiffs' claims do not implicate any difficult questions of state law. See Matusow v. Trans County Title Agency, LLC, 545 F.3d 241, 248 (3d Cir. 2008). In Burford, "[t]he regulations at issue…required expertise in the complex area of gas and drilling, and there was a significant probability that courts unfamiliar with the industry would err in rendering decisions." Mt. Holly Citizens in Action, Inc. v. Mt. Holly Twp., No. 08-2584, 2008 U.S. Dist. LEXIS 87105, at *26 (D.N.J. Oct. 28, 2008) (distinguishing Burford's regulatory scheme from New Jersey's

4

redevelopment and housing law).  By contrast, here, the issue presented "is not so technical that it requires the district court to become enmeshed in a highly specialized area inconsistent with resolution of a relatively minor federal concern."  See Izzo, 843 F.2d at 769.  Although the state may have a special interest in land use regulation and federal courts are disinclined to sit as a statewide board of zoning appeals, "the scheme at hand does not approach the complexity of the one under scrutiny in Burford."  See id. ("[T]he mere existence of land use regulation will not automatically mandate federal court abstention.").

Moreover, the exercise of federal jurisdiction is not likely to disrupt state efforts to establish a coherent policy with respect to a matter of substantial public concern.  See Mt. Holly, 2008 U.S. Dist. LEXIS 87105, at *26.  Where there is "no uniform policy for land use and development [in that] policies . . . differ from municipality to municipality," abstention under Burford is inappropriate.  Heritage Farms, 671 F.2d at 747.  Since there is no uniform state zoning code, the danger of inconsistent decisions under state law is not an issue.  Therefore, abstention is not warranted under Burford.

Colorado River also does not counsel against the exercise of jurisdiction because the instant suit does not present exceptional circumstances of parallel, duplicative litigation.  See Colorado River, 424 U.S. at 817-19 (1976); Beard v. Borough of Duncansville, 652 F. Supp. 2d 611, 621 (W.D. Pa. 2009).  In order to dismiss or stay an action pursuant to the Colorado River doctrine, the Court must find that there are duplicative or parallel state court proceedings pending.  424 U.S. at 818-19; Remed Recovery Care Ctrs. v. Twp. of Worcester, No. 98-1799, 1998 U.S. Dist. LEXIS 11818, at *8 (E.D. Pa. July 20, 1998) (defining parallel as "same parties . . . litigating substantially the same claims").  In addition, the Court must consider: (1) which

court first assumed jurisdiction over the relevant *res*, if any; (2) the relative inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) whether state or federal law applies; and (5) whether the state proceedings will sufficiently protect the rights of the federal plaintiffs. Rycoline Prods., Inc. v. C&W Unlimited, 109 F.3d 883, 890 (3d Cir. 1997).

Here, Defendants have not satisfied the threshold requirement of demonstrating that there are duplicative, parallel proceedings to this action currently pending in state court. The state litigation is an appeal of the zoning interpretations which led L&I and the Zoning Board to deny Plaintiffs' requests for a permit and a reasonable accommodation. By contrast, the instant suit alleges that L&I's classification of the use and the failure of L&I and the Zoning Board to grant a reasonable accommodation constitute discrimination under the FHA. The distinction, however minor, is that in the former case, Plaintiffs are appealing the issue of whether state law was properly applied, while in this matter, Plaintiffs argue that, regardless of whether state law was properly applied, the application violates federal law. See Beard, 652 F. Supp. 2d at 623 (finding abstention inappropriate because the exercise of federal jurisdiction did not require review of state law); Hemlock Crossing v. Logan Twp., No. 3:07-26, 2007 U.S. Dist. LEXIS 26055, at *11 (W.D. Pa. Apr. 9, 2007) (finding abstention inappropriate because deciding whether the defendant violated the FHA did not require interpreting state law or policy). Thus, since the concurrent suits are not parallel, dismissal under Colorado River doctrine is inappropriate.

Additionally, Defendant has not provided sufficient evidence on the record to demonstrate that the state litigation involves "substantially the same claims." In Remed Recovery Care Centers v. Worcester Township, Judge Shapiro noted that it was unclear whether the state court would find that Remed had raised the FHA as a defense. Specifically, the court

6

noted that, "[t]he Court of Common Pleas may find that what was raised was only whether the Zoning Board had to comply with the FHA, not whether the application of the ordinance to the residents was, in fact, a violation of the FHA." 1998 U.S. Dist. LEXIS 11818, at *9-10. According to Plaintiffs, only Count IV is before the state court. However, without a copy of the state court record, this Court cannot ascertain the manner in which Count IV is before that court. With respect to Counts I, II, and III, without record evidence to the contrary, those claims are not before the state court and thus, cannot be dismissed.

Even if the Court of Common Pleas were to find that Plaintiffs have raised the FHA as a defense, this Court is not required to dismiss the case. Id. at *10. In Remed, the only Colorado River factors weighing in favor of dismissal were the order of filing and the desire to avoid piecemeal litigation. Id. at *11. Here, the state court appeal was filed first and there is a desire to avoid piecemeal litigation, however those factors are not exceptional circumstances that require this Court to abstain from its unflagging obligation to exercise jurisdiction. See id. at *12. Those factors were insufficient in Remed and they are similarly insufficient in the present matter. See id.

## II. Alternative Grounds for Dismissal

Defendants also assert the following additional grounds for dismissal: (1) L&I and the Zoning Board do not have separate legal existence from the City and, therefore, cannot be sued as independent entities pursuant to Fed. R. Civ. P. 17(a); (2) Oxford lacks standing because it has failed to allege any harm and, therefore, its claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1); and (3) all claims should be dismissed for lack of ripeness pursuant to Fed. R. Civ. P.

12(b)(1) because Minsec has failed to apply for a zoning permit or make an FHA request, and neither Minsec nor Oxford has sought a permit for the treatment of patients. The Court finds persuasive only the argument that L&I does not have separate legal existence from the City, and therefore will merge the claims against L&I with those claims against the City. However, the other arguments raised by Defendants lack merit for the reasons outlined below.

First, the Zoning Board is capable of being sued independently from the City, and Defendants have cited no authority to the contrary. See, e.g., Cohen v. Twp. of Cheltenham, 174 F. Supp. 2d 307, 320 (E.D. Pa. 2001); Remed, 1998 U.S. Dist. LEXIS 11818, at *17-18. Next, Plaintiffs made clear in the first sentence of their Complaint that all claims are alleged on behalf of both Minsec and Oxford, and the use of "Minsec" throughout the Complaint represents both entities collectively. Both entities are alleged to have purchased the facility (Compl. ¶ 8), to have applied for a zoning permit to increase the capacity of the facility from 44 to 88 disabled male residents (Compl. ¶¶ 16-19), and to have requested a reasonable accommodation (Compl. ¶¶ 19-24). Courts have held that an entity that provides services to individuals with disabilities has standing to bring an FHA claim on their behalf. Growth Horizons v. Delaware County, 983 F.2d 1277, 1282 n.6 (3d Cir. 1993); Dr. Gertrude Barber Center, Inc. v. Peters Twp., 273 F. Supp. 2d 643, 651 (W.D. Pa. 2003). Therefore, Defendants' claim that Oxford lacks standing because it has failed to allege any harm is wholly unsupported.

Similarly, Defendants' argument that Plaintiffs' claims are not ripe because Minsec has failed to apply for a permit or make a reasonable accommodation request is not supported by the pleadings and record. (Compl. ¶¶ 18-19, 21; Ex. C; Ex. D; Ex. E.) The Court also is not persuaded that Plaintiffs' claims are not ripe because Plaintiffs never sought a permit for the

8

"treatment of patients" (allegedly a permitted use), and thus Defendants had no opportunity to review such a use. Plaintiffs stated that the facility does not provide treatment to patients, but instead provides housing and support services, and dispenses medication proscribed by the residents' doctors off site. (Pls.' Resp. 21.) Therefore, Plaintiffs' failure to seek a permit for a service that they do not provide does not render their claims unripe.

## CONCLUSION

For the foregoing reasons, this Court will grant in part and deny in part Defendants' Motion to Dismiss. The claims against L&I will be merged with the claims against the City because L&I cannot be sued independently. However, abstention is not warranted, the claims are ripe, and the City and the Zoning Board are proper parties. Although dismissal under either Colorado River or Burford is inappropriate, given Plaintiffs' request for declaratory relief, a stay in the proceedings pending resolution of the state appeal "best reflects the Court's interest in judicial efficiency and the parties' interests in a fair and effective resolution of the case." See, e.g., Hemlock Crossing, 2007 U.S. Dist. LEXIS 26055, at *23-25. Therefore, this Court will stay the proceedings until the state litigation is concluded.